IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RONNIE JAMES WILSON, § <br> d/b/a THE GAP BAND § <br> § <br> *Plaintiff*, § <br> § Civil Action No. 5:15-cv-01024-XR <br> v. § <br> § <br> CHARLES KENT WILSON, a/k/a § <br> CHARIE WILSON, MICHAEL PARAN, § <br> P MUSIC GROUP, INC., a California § <br> Corporation; INTERNATIONAL § <br> CREATIVE MANAGEMENT § <br> PARTNERS, LLC, a Delaware limited § <br> Liability company; and DOES 1 through 5, § <br> inclusive § <br> § <br> *Defendants*. § | |

## ORDER

On this date, the Court considered Defendant ICM's motion to dismiss for lack of personal jurisdiction and improper venue, their alternative motion to transfer venue, and motion to dismiss for failure to state a claim (docket no. 21); Charles Kent Wilson, Michael Paran and P Music Group Inc.'s motion to dismiss for lack of personal jurisdiction and improper venue (docket no. 23); Ronnie Wilson's motion to take judicial notice (docket no. 31)[1]; and Ronnie Wilson's motion for leave to file surreply (docket no. 37).[2]

For the following reasons, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction as related to Counts Two, Three, Four, and Five of Plaintiff's Second Amended Complaint; and does not reach Defendant International Creative Management

---

[1] This motion is granted in part and denied in part. The Court takes judicial notice of all exhibits that are from United States governmental web sites. Otherwise, the motion is denied.

[2] The motion for leave to file a surreply is granted.

1

Partner's, LLC's motion to dismiss for failure to state a claim. Further, because venue is improper in this District, this case is transferred to the Central District of California.

## I. Background

On November 20, 2015, Plaintiff Ronnie James Wilson filed a complaint against Defendants. (Docket No. 1). Subsequently, Plaintiff filed two amended complaints. (Docket Nos. 17 & 20). Plaintiff, by way of his Second Amended Complaint, seeks to enforce his common law rights in the trademark, "The Gap Band," and seeks both injunctive relief and monetary damages from the Defendants—damages he claims resulted from the unlawful use of that mark by Defendants. Plaintiff also brings a claim for tortious interference with business contracts, and alleges that Defendants redirected two URLs pertaining to The Gap Band to web pages pertaining to Defendant, Charles Wilson's personal, solo music ventures. *Id.*[3]

## II. Motion to Dismiss for Lack of Personal Jurisdiction

District courts may exert personal jurisdiction over a defendant "if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). The Supreme Court has determined that, "[t]here are two types of 'minimum contacts:' those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001); *see Goodyear,* 131 S. Ct. at 2853–54.

### A. General jurisdiction lacking against all Defendants

---

[3] Count One alleges common law trademark infringement against Charlie Wilson, Michael Paran, P Music Group and ICM. Count Two alleges tortious interference with existing contracts against all defendants. Count Three alleges violation of the Texas Free Enterprise and Antitrust Act against all defendants. Count Four alleges that all the defendants tortiously interfered with a contract between Pastor Gregg Patrick and Plaintiff for a concert scheduled to be held in Houston, Texas. Count Five alleges that Wilson, Paran and P Music Group engaged in "anticybersquatting."

General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-19 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). To confer general jurisdiction, a defendant must have a business presence in the forum state. *Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 717 (5th Cir. 1999). Injecting a product, even in substantial volume, into a forum's "stream of commerce," without more, does not support general jurisdiction. *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 375 (5th Cir. 1987); *accord Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 216 (5th Cir. 2000). Advertising and marketing through national media is insufficient, as are isolated visits to a forum. *See Johnston,* 523 F.3d at 612; *Alpine View Co.,* 205 F.3d at 218; *Bearry,* 818 F.2d at 376.

Plaintiff has failed to allege facts sufficient to demonstrate that any of these Defendants engaged in such "continuous and systematic" contact with the State of Texas to invest this court with jurisdiction over the defendants. *See Johnston*, 523 F.3d at 609. Charles Wilson is a citizen and resident of California who has never resided in Texas; he owns no property, business, or assets in Texas; and he, as a performer, has not performed in or interacted with the State of Texas with the frequency to establish the requisite continuous and systematic contact needed for this Court to exercise general jurisdiction. Similarly, Michael Paran is a citizen and resident of California who has never resided in the State of Texas. He owns no property, businesses, or assets in the State of Texas and maintains no business presence in the State, preventing this Court from exercising general jurisdiction over Michael Paran. P Music Group owns no property, business, or other assets in the State of Texas; has no offices, employees, or agents in

the State of Texas; and maintains no business presence in the state, preventing this court from exercising general jurisdiction over P Music Group.

ICM is a Delaware corporation whose principal place of business is in Los Angeles, California. ICM neither owns any property in nor maintains any offices or employees in the State of Texas, it pays no taxes in the State of Texas, and maintains no business presence in the State.

### B. Specific jurisdiction only exists as to Count One

Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *See Burger King v. Rudzewicz,* 471 U.S. 462, 472 (1985) (citations omitted); *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1068 n. 9 (5th Cir. 1992). The Fifth Circuit has articulated a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir. 2009). The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state. *Burger King,* 471 U.S. at 474. Specific jurisdiction also requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action.

Plaintiff alleges that specific jurisdiction exists over defendants Charles Wilson, Michael Paran, and P Music Group because: (1) Charles Wilson performed a concert in Beaumont, Texas


on October 13, 2012; (2) emails, letters and phone calls (each originating from outside of the State of Texas) were sent by Michael Paran in his capacity as CEO of P. Music Group, which Plaintiff alleges tortiously interfered with Plaintiff's Texas based business; and (3) Defendants redirected two URLs pertaining to The Gap Band to web pages pertaining to Defendant, Charles Wilson's personal, solo music ventures.

Plaintiff alleges Defendant Charlie Wilson, with the assistance of Defendants Michael Paran, P Music Group, and ICM, advertised and performed a concert in the State of Texas, satisfying the minimum contacts standard required to allow this Court's exercise of specific jurisdiction over defendant's trademark infringement claim.[4] For minimum contacts to be established, "it is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.,* 471 U.S. at 475. "The minimum contacts inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it reasonably anticipates being hauled into court." *Vanderbilt Mortgage & Fin., Inc. v. Flores*, 692 F.3d 358, 375 (5th Cir. 2012). "The defendant must not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Id.*

Charles Wilson purposefully directed his musical performance to residents of Texas and availed himself of the privileges of conducting activities here. Charles Wilson performed a concert in the State of Texas invoking the benefits and protections of its laws. Having performed in the State of Texas, it is reasonable for Charles Wilson to have anticipated being haled into a court in the State of Texas for conduct arising out of that performance. Plaintiff claims Defendant violated his trademark rights by advertising and misleading buyers and consumers

---

[4] Count One of Plaintiff's Second Amended Complaint.

into believing that The Gap Band, a trademark Plaintiff claims to own, was performing in the State.

Plaintiff alleges Defendants Michael Paran and P Music Group served as Charles Wilson's managers when he performed in Beaumont and that ICM served as his agent, booking the concert in Beaumont, Texas and negotiating the contract that gave rise to that concert. As Charles Wilson's manager and agent, Plaintiff alleges Defendants Michael Paran, P Music Group, and ICM "misled buyers and consumers within the State of Texas when they approved and/or allowed multiple forms and platforms of advertising directed in Beaumont, Texas area and by booking and advertising the concert as "Charlie Wilson featuring The Gap Band," "Charlie Wilson and The Gap Band." Plaintiff successfully pled sufficient facts to indicate that Defendants Michael Paran, P Music Group, and ICM[5] purposefully directed their activities towards the State of Texas, availing themselves to the forum, and those alleged activities serve as the basis of Count One, providing this Court with personal jurisdiction.

Though personal jurisdiction exists over all three defendants as related to Count One, personal jurisdiction is a "claim-specific inquiry." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006). "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Id.* If a defendant does not have enough contacts to justify the exercise of general jurisdiction, the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts. *Id.* Necessarily, permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different

---

[5] Plaintiff alleges ICM served as Charlie Wilson's agent and "booked the concert in Beaumont, Texas." Plaintiff also alleges ICM negotiated the contract facilitating Charles Wilson's Beaumont concert. These facts, taken as true, though contested by Defendant, are sufficient to warrant this Court's assertion of personal jurisdiction over ICM, as related to Count One of Plaintiff's Second Amended Petition.

claim that does not arise out of or relate to the defendant's forum contacts would violate the Due Process Clause. *Id.* Thus, a plaintiff must independently demonstrate a basis for this Court's assertion of personal jurisdiction for all claims arising out of different forum contacts.

Plaintiff alleges Defendants engaged in out-of-state conduct which was intended to and actually did prevent Plaintiff from performing concerts and fulfilling his contractual obligations with contracted buyers. (Docket No. 20). Plaintiff alleges he entered into seven contracts to perform concerts using the trademark, "The Gap Band;" however, he was precluded from performing any of these contractual obligations due to the conduct of Defendants. *Id.* The exclusive source of the Defendants' involvement with the cancellation of Plaintiff's shows is alleged to derive from the Defendants' participation in telephone calls, emails, and the mailing of letters from outside of the State of Texas. (Docket No. 20). Specifically, Plaintiff alleges:

1. On October 20, 2015, Defendants Paran and ICM emailed a gentleman who had contracted with Plaintiff to perform a concert, which was later canceled as a result of Defendants' conduct;
2. On October 21, 2015, Defendant Paran sent an email to two other gentleman accusing Plaintiff of "fraudulently representation" that he owned The Gap Band trademark—Defendant ICM was copied in these emails;
3. These emails were purposefully sent with the purpose of causing Plaintiff's concerts to be cancelled, causing harm to Plaintiff and his Texas-based company;
4. ICM emailed several demand letters to agents representing Plaintiff instructing those agents that Plaintiff had no right to use The Gap Band trademark and that Plaintiff's use of the Gap Band trademark was "currently subject to litigation in Federal Court;"

7

5. Paran, P Music Group, and ICM collaborated together to make decisions to purposefully harm Plaintiff; and

6. Defendants sent various emails, letters, and other communications from other States to persons in the State of Texas for the purpose of bringing about harm to Plaintiff in the State of Texas. *Id.*

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. Two related aspects of this necessary relationship are relevant in this case." *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014).  First, the relationship must arise out of contacts that the "defendant himself" created with the forum State and, second, the Court's "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King,* 471 U.S. at 475); *see*, *e.g., International Shoe,* 326 U.S. at 319 (Due process "does not contemplate that a state may make binding a judgment *in personam* against an individual . . . with which the State has no contacts, ties, or relations"); *Hanson v. Denckla*, 357 U.S. 235, 251 (1958) ("however minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him"). Plaintiff has failed to allege facts sufficient to demonstrate that Defendants "availed themselves", precluding this Court from exercising personal jurisdiction over Counts Two, Three, and Four of Plaintiff's Second Amended Complaint.

The exercise of personal jurisdiction over an individual for his Internet activities, including allegations of trademark infringement and cybersquatting, is proper when a defendant both specifically and intentionally directs his activities toward the forum State. *See Bell*

*Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc., et al.,* 2001 WL 290569, *2 (N.D. Tex. 2001) (analyzing *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir. 1998)). When an individual defendant has expressly and intentionally aimed his conduct at Texas, with the effect of injuring a plaintiff in this state, the defendant is subject to jurisdiction here. *See id.* at *2. This Court does not have specific jurisdiction over Defendants, because Plaintiff has failed to allege facts sufficient to demonstrate that Defendants, in diverting the URLs of thegapband.com and gapband.com to charliewilsonmusic.com, expressly and intentionally aimed their conduct toward the State of Texas with the intent of harming Plaintiff. Accordingly, this Court has no personal jurisdiction over Court Five of Plaintiff's Second Amended Complaint.

### III.    Motion to Dismiss for Improper Venue or Transfer to the Central District of California

Defendants argue that this Court should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(3) because venue is not proper in the Western District. Alternatively, Defendants argue that the Court should transfer venue to the Central District of California for the parties' and witnesses' convenience.

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). Once challenged, the burden of sustaining venue lies with the plaintiff. *See Langton v. Cbeyond Commc'n, LLC*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003). If, as here, there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts that, taken as true, would establish venue. *Id*. The court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F. App'x. 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider National, Inc.,* 362 F.3d 1133, 1138 (9th Cir. 2004)). Further, in deciding whether venue is proper, "the court is permitted to look at evidence beyond simply those facts

alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

>Venue is appropriate in:
>
>>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff alleges a substantial part of his claims occurred in this district; however, as related to the only claim over which this Court has personal jurisdiction, Count One, Plaintiff has failed to plead sufficient facts to demonstrate the Western District of Texas is the proper venue.  The concert and advertisement giving rise to Count One occurred in Beaumont, Texas (Eastern District of Texas) and Plaintiff has pled no facts to even hint at San Antonio having been the locus of any events associated with that allegation, rendering the Western District of Texas an improper venue.  *Id.*

Inasmuch as all of the Defendants reside or do business in the Central District of California, this case should be transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a).  This case could have been brought in that district, venue is improper in this district, and weighing the *Volkswagen II* factors, the Court concludes that a transfer is appropriate.

## IV. Conclusion

For the foregoing reasons, the Court:

1. GRANTS in part and DENIES in part Defendants' Motion to Dismiss for Lack of Personal Jurisdiction; the Court DENIES the motion as to Count One and GRANTS the motion as to Counts Two, Three, and Four of Plaintiff's Second Amended Petition (docket no. 23);

2. GRANTS Defendant ICM's motion to dismiss (docket no. 21);

3. DISMISSES as moot Defendant ICM's motion to dismiss for failure to state a claim; and

4. DIRECTS the Clerk to transfer this case to the Central District of California.

It is so ORDERED.

SIGNED this 17th day of May, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE